**Julio GUASP GODEN, Plaintiff(s)**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant(s).**

Civil No. 04–1731 (JAG).

United States District Court, D. Puerto Rico.

Sept. 8, 2005.

Melba N. Rivera–Camacho, Melba N. Rivera Camacho & Assoc., Carolina, PR, for Plaintiffs.

Katherine Gonzalez–Valentin, United States Attorney's Office, Torre Chardon, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On April 9, 2002, plaintiff Julio Guasp Goden ("Guasp") sought review, pursuant to section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), of a final determination rendered by the Commissioner denying him disability insurance benefits (Docket No. 1). Both parties have filed memoranda in support of their respective positions (Docket Nos. 10, 14). Upon review of the record, the Court concludes that the Commissioner's findings are supported by substantial evidence. Accordingly, the Court **AFFIRMS** the Commissioner's decision.

## FACTUAL BACKGROUND

Guasp was born on May 28, 1953. He has a high school education and worked as a jeweler. On July 3, 2001, Guasp filed an application for disability and disability insurance benefits alleging an inability to work since January 15, 1997,[1] due to diabetes, pancreatic condition, an abdominal hernia and an emotional condition. The Social Security Administration ("SSA") de-

---

1. Because this is Guasp's second application for benefits, he must show that he became disabled during the unadjudicated period between December 30, 1998 and December 31, 2001, his date of last insured.

nied the application initially and on reconsideration. On April 14, 2003, the Administrative Law Judge ("ALJ"), upon *de novo* review, found that Guasp was not under a disability. On September 15, 2003, the Appeals Council denied review of the ALJ's decision, rendering it the final decision of the Commissioner, subject to judicial review.

## DISCUSSION

To establish entitlement to benefits, Guasp bears the burden of proving that he became disabled within the meaning of the Act. *See, e.g., Deblois v. Secretary of HHS*, 686 F.2d 76, 79 (1st Cir. 1982). Guasp may be considered disabled within the meaning of the Act only if he is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1). Guasp's impairment must be so severe as to prevent him from working, not only in his usual occupation, but in any other substantial gainful work considering his age, education, training, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment cannot suffice for an award of disability insurance benefits; Guasp must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *See, e.g., McDonald v. Secretary of HHS*, 795 F.2d 1118, 1120 (1st Cir.1986). Moreover, Guasp's complaints cannot provide the basis of entitlement when they are not supported by medical evidence. *Avery v. Secretary of HHS*, 797 F.2d 19, 20–21 (1st Cir.1986).

The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st

Cir.1999). The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts. *See Rodriguez v. Secretary of HHS*, 647 F.2d 218, 222 (1st Cir.1981).

In this case, the ALJ found that Guasp suffers from several ailments that are severe but not severe enough to meet or equal one of the listed impairments. Furthermore, after considering all the evidence on record, the ALJ found that Guasp retains the residual functional capacity to perform work within the light range. Thus, Guasp can return to his past relevant work as a jeweler. In reaching this conclusion, the ALJ discarded the medical opinion of Guasp's treating physician, Dr. Ariel Rojas, who testified at the hearing, as it was not properly supported by the evidence on record. The ALJ also found Guasp's allegations were not supported by the medical evidence and were only minimally credible.

Guasp argues that the ALJ applied an erroneous legal standard as to the weight and credibility that should have been afforded to the treating physician's opinion. Guasp claims that the only medical records are from treating sources which establish the severity of his impairments. By discarding these opinions, the ALJ, according to Guasp, impermissibly substituted his opinion for those of the treating physicians.

Upon *de novo* review of the record, however, the Court finds that Guasp's arguments lack merit. The ALJ did not substitute his own judgment for that of the treating physicians. The ALJ merely found that the testimony of Dr. Rojas was not supported by the evidence on record, including his own progress notes. The ALJ found that the frequency of the visits, along with the type and dose of medications prescribed did not support a finding that Guasp's condition was of such

severity that he could not return to work. In fact, the ALJ stated that another treating physician, Dr. Santos, had actually noted that she saw no reason why Guasp could not go back to normal activity and to his job as a jeweler. Furthermore, a third treating physician, Dr. Perez, upon discharging Guasp after surgery, stated that he could carry on with normal activity, including going back to work as a jeweler, but should avoid any heavy lifting. Thus, of the three treating physicians, two have provided opinions which are in tune with the ALJ's decision.

Therefore, the Court finds that the ALJ's decision is supported by substantial evidence and must be affirmed.

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Commissioner's decision denying Guasp disability insurance benefits. Judgment shall enter accordingly.

IT IS SO ORDERED.